Application for review of sentence imposed by the Superior Court, Judicial District of New London. Docket No. CR10-177104, CR21-34495;
 Jeremiah Donovan, Esq., Defense Counsel, for Petitioner Lawrence Tytla, Esq., Assistant State's Atty. for the State.
BY THE DIVISION
In Docket No. CR10-177104, the petitioner was convicted by a jury of the crimes of attempted larceny in the third degree (CGS 53a-49 and 53a-124(a)(2)) and larceny in the fifth degree (CGS 53a-125(a)). She was sentenced to the custody of the commissioner of correction for a term of five years on the first count and a term of six months on the second count. The sentences run consecutive to each other, making a total effective sentence in that case of 5 1/2 years to serve.
In Docket No. CR21-34495, the petitioner admitted and was convicted of two counts of violation of probation (CGS 53a-29). In the first count, she was sentenced to a term of 3 1/2 years CT Page 5737 to serve; in the second count, she was sentenced to a term of 8 years, execution suspended after 3 1/2 years with probation. These sentences are to run concurrently with each other but consecutive to the sentence imposed in Docket No. CR10-17704 making a total effective sentence of 13 1/2 years, execution suspended after 9 years, with probation.
The petitioner's present confinement is the result of her continuing penchant for fraudulently obtaining money from unsuspecting victims. In CR10-177104 the victim was a radio station which succumbed to the petitioner's appeal for funds to obtain medical treatment for one of her children who, the petitioner claimed, was suffering from a terminal illness. The station learned of the scam while planning a benefit to raise funds to defray the cost of the medical care. Evidence of this resulted in the petitioner's conviction of attempted larceny in the third degree. The conviction of the crime of larceny in the fifth degree was based on evidence that the station, at petitioner's request, provided her and her daughter with limousine service and tickets to a Michael Jackson concert in gratification of the daughter's dying wish.
At the time of sentencing, the petitioner was serving two periods of probation, relating to cases in which her sentences were entirely suspended. One case involved the distribution throughout southeastern Connecticut of numerous bad checks and, in the other case, the petitioner apparently defrauded two people whom she had befriended of $14,500 to pay for the petitioner's claimed medical treatment to avoid amputation of her leg.
The sentencing court noted that the petitioner had used people who had given of themselves and their savings and, further, that her past convictions had resulted in probation.
The sentences imposed in the matters are neither inappropriate or disproportionate considering the shameless activities of the petitioner, the severity of the crimes, the need for deterrence and the protection of the public from this petitioner.
BARRY, J. KLACZAK, J. NORKO, J.